**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————

**RACHEL ZIMMERMAN, ET AL.,**

                         **Plaintiffs,**               **23-cv-9003 (JGK)**

          **- against -**                     **MEMORANDUM OPINION**
                                              **AND ORDER**
**DAVID C. BANKS, ET AL.,**

                         **Defendants.**
————————————————————————

**JOHN G. KOELTL, District Judge:**

The plaintiff, Rachel Zimmerman ("Zimmerman"), brought this
action individually and on behalf of her grandchild, H.W.,
against David C. Banks and the New York City Department of
Education (collectively, the "DOE"), seeking to compel the DOE
to comply with the Findings of Fact and Decision ("FOFD") issued
by an Impartial Hearing Officer ("IHO") pursuant to the
Individuals with Disabilities in Education Act ("IDEA"), 20
U.S.C. § 1400 et seq.

The plaintiff now moves for summary judgment, contending
that she has fully complied with all the conditions in the FOFD,
and that the DOE has wrongly withheld payment for H.W.'s
transportation and related services expenses. The DOE opposes
the plaintiff's motion and has filed a cross-motion for summary
judgment. The DOE agrees that it is responsible for funding
H.W.'s 2021–2022 and 2022–2023 tuition and related services.
However, two disputes remain: (1) whether the DOE is responsible

1

for funding H.W.'s transportation costs for the entire school year or only for the days H.W. attended school in person and actually used the transportation services; and (2) whether the plaintiff has supplied the documentation required by the FOFD as a prerequisite to reimbursement for related services.

For the following reasons, the plaintiff's motion for summary judgment is **denied**, the defendants' motion for summary judgment is **granted in part**, and the case is **remanded** for further proceedings.

## I.

### A.

"Congress enacted the IDEA to promote the education of students with disabilities." A.M. ex rel. Y.N. v. N.Y.C. Dep't of Educ., 964 F. Supp. 2d 270, 274 (S.D.N.Y. 2013).[1] "Under the IDEA, states receiving federal funds are required to provide 'all children with disabilities' a 'free appropriate public education.'" Gagliardo v. Arlington Cent. Sch. Dist., 489 F.3d 105, 107 (2d Cir. 2007) (quoting 20 U.S.C. § 1412(a)(1)(A)); see also Walczak v. Fla. Union Free Sch. Dist., 142 F.3d 119, 122 (2d Cir. 1998). A free appropriate public education ("FAPE") must provide "special education and related services tailored to

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

meet the unique needs of a particular child, and be reasonably calculated to enable the child to receive educational benefits." Gagliardo, 489 F.3d at 107.

To achieve this end, the IDEA requires state or local education agencies to provide each disabled student with an individualized education program ("IEP") specifying the student's educational needs and "the specially designed instruction and related services to be employed to meet those needs." Doe v. E. Lyme Bd. of Educ., 790 F.3d 440, 448 (2d Cir. 2015). Parents may challenge their child's IEP as inadequate by filing a Due Process Complaint ("DPC"), which triggers an administrative-review process by an IHO. See M.W. ex rel. S.W. v. N.Y.C. Dep't of Educ., 725 F.3d 131, 135 (2d Cir. 2013) (citing 20 U.S.C. § 1415(b)(6), (f); N.Y. Educ. Law § 4404(1)). A party may appeal the decision of the IHO to a DOE State Review Officer ("SRO"), and the SRO's decision may be challenged in state or federal court. Id. at 135-36.

Moreover, if a school district fails to provide a FAPE to a child with disabilities, the child's parents may, at their own financial risk, refuse the improper placement, enroll the child in an appropriate private school, and retroactively seek reimbursement from the state for the cost of the private school by bringing a DPC. See Sch. Comm. of Burlington, Mass. v. Dep't of Educ. of Mass., 471 U.S. 359, 370 (1985).

**B.**

The following facts are drawn from the materials submitted by the parties in connection with this motion, as well as from the FOFD submitted as an exhibit to the Complaint, and are undisputed unless otherwise noted.

H.W. is a six-year-old child with a traumatic brain injury. who has been diagnosed with encephalitis and spastic quadriplegic cerebral palsy. Compl., Ex. 1 ("FOFD") at 6, ECF No. 1. H.W. is non-verbal and non-ambulatory and receives nutrition through a G-tube. Id. H.W. has been classified as a child "with a disability" pursuant to the IDEA. Pl.'s Local Rule 56.1 Statement ¶ 2, ECF No. 19.

Plaintiff Rachel Zimmerman, the grandparent and guardian of H.W., determined that public school could not meet H.W.'s needs and placed H.W. in the International Institute for the Brain ("iBrain"), a private school, for the 2021-2022 and 2022-2023 school years. FOFD at 7. The plaintiff also entered into a contract with Sisters Travel and Transportation Services, LLC ("Transportation Company") to provide H.W. with transportation to school. Id.

Subsequently, in October 2022, the plaintiff filed a DPC alleging that the DOE failed to provide H.W. with a FAPE, pursuant to the IDEA, for the 2021-2022 and 2022-2023 school years. Kapoor Decl. ¶ 6, ECF No. 25.

4

On June 2, 2023, after holding a hearing and reviewing materials submitted in connection with the DPC, the IHO issued an FOFD concluding that the DOE failed to provide H.W. with a FAPE during both school years. Id. ¶ 7; FOFD at 9-10. The IHO concluded that iBrain was an appropriate unilateral placement and that equitable considerations favored an award of full tuition reimbursement and direct funding for the 2021-2022 and 2022-2023 school years. See FOFD at 14. As relevant here, the IHO ordered the DOE to:

> directly pay [iBrain] for all costs and fees for the student's related services at [iBrain] for the 2021-2022 school year in amount not to exceed $65,041.60, within 25 calendar days of the submission of copies of invoices for such services.
>
> . . .; directly pay [iBrain] for all costs and fees for the student's related services at [iBrain] for the 2022-2023 school year in amount not to exceed $108,158.40, within 25 calendar days of the submission of copies of invoices for such services.
>
> . . .; directly pay Transportation Company for all costs and fees for the student's transportation to and from school, at a rate not to exceed $345 per trip, for the 2022-2023 school year, within 25 calendar days of the submission of copies of invoices for such services.
>
> . . .; directly pay Transportation Company for all costs and fees for the student's transportation to and from school, at a rate not to exceed $320 per trip, for the 2021-2022 school year, within 25 calendar days of the submission of copies of invoices for such services.

FOFD at 15–16.[2]

Zimmerman now moves for summary judgment, contending that she has submitted all documentation required by the FOFD and that the DOE has wrongly withheld payment for H.W.'s transportation to and from school and for related services. Pl.'s Mem. of L. at 5–7, ECF No. 20. The DOE opposes the plaintiff's motion and has filed a cross-motion for summary judgment, arguing that this Court should order the plaintiff to produce certain documents that they contend the FOFD requires as a prerequisite to payment, or alternatively, should remand the matter to the IHO for further clarification of the scope of the FOFD. Defs.' Mem. of L. at 6–7, ECF No. 24.

## II.

The standard for granting summary judgment is well established.[3] "The court shall grant summary judgment if the

---

[2] The DOE complied with orders to pay for tuition and nursing services. Pl.'s Reply Mem. at 5 n.1, ECF No. 27. Those orders are not at issue in this case.

[3] Generally, in IDEA cases, courts apply a different summary judgment standard. See, e.g., T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist., 554 F.3d 247, 252 (2d Cir. 2009) (per curiam); Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ., 397 F.3d 77, 83 n.3 (2d Cir. 2005). "[S]ummary judgment in IDEA cases is in substance an appeal from an administrative determination, not a summary judgment." Donohue v. Banks, No. 22-cv-8998, 2023 WL 6386014, at *7 (S.D.N.Y. Sept. 30, 2023). This case is somewhat atypical because the FOFD was favorable to the plaintiff and the plaintiff brought this action in federal court to enforce the FOFD, not to appeal the FOFD. Pursuant to

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Gallo v. Prudential Residential Servs. L.P., 22 F.3d 1219, 1223 (2d Cir. 1994). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224. However, "disputed legal questions present nothing for trial and are appropriately resolved on a motion for summary judgment." Flair Broad. Corp. v. Powers, 733 F. Supp. 179, 184 (S.D.N.Y. 1990).

The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the

---

20 U.S.C. § 1415(i)(2)(A), "[o]nly a party aggrieved by the findings and decision of an SRO may bring a federal or state court action." Mr. & Mrs. A ex rel. D.A. v. N.Y.C. Dep't of Educ., 769 F. Supp. 2d 403, 415 n.11 (S.D.N.Y. 2011). A party may not bring a claim in federal court to enforce a favorable FOFD. However, "[t]his does not . . . divest the Court of subject matter jurisdiction. [The] [p]laintiffs may seek to enforce their IDEA claim under § 1983, under which this Court has subject matter jurisdiction to enforce favorable administrative decisions rendered under the provisions of the IDEA." Rutherford v. Fla. Union Free Sch. Dist., No. 16-cv-9778, 2019 WL 1437823, at *24 (S.D.N.Y. Mar. 29, 2019). In this case the plaintiff asserts a § 1983 claim and this Court therefore has jurisdiction over the case.

materials in the record that "it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the movant meets that burden, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis omitted). At the summary judgment stage, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. See id. The substantive law governing the case will identify those facts that are material and, "[o]nly dispute[] over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When both parties move for summary judgment, the Court must apply the standards governing summary judgment to each party.

**III.**

At this stage in the litigation, only two disputes remain: (1) whether the DOE is responsible for funding H.W.'s transportation costs for every school-day or only for days H.W. attended school in person and actually used the transportation services; and (2) whether the plaintiff has supplied the necessary documentation of payment for related services as a prerequisite to reimbursement for those services.

The IDEA itself provides no guidance as to the DOE's obligation to pay for transportation and related services under these circumstances, and, accordingly, "the sole source of the DOE's reimbursement obligations . . . is the applicable administrative order." Davis v. Banks, No. 22-cv-8184, 2023 WL 5917659, at *4 (S.D.N.Y. Sept. 11, 2023); see also Mendez v. Banks, 65 F.4th 56, 61 (2d Cir. 2023) (determining the DOE's obligations based on the underlying pendency order). In considering the scope of administrative orders, courts apply principles of contract interpretation. Abrams v. N.Y.C. Dep't of Educ., No. 20-cv-5085, 2022 WL 523455, at *2 n.3, *3 (S.D.N.Y. Feb. 22, 2022). Under New York law, a "contract is unambiguous if the language it uses has a definite and precise meaning unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion." Greenfield v. Philles Records, Inc., 780 N.E. 2d 166, 170-71 (N.Y. 2002).[4]

Accordingly, the Court addresses the language of each relevant section of the FOFD order in turn.

---

[4] The plaintiff claims that New York law applies to questions of contract interpretation in this case. Pl.'s Mem. of Law at 22. There appears to be no dispute that New York law applies.

**A.**

The extent of the DOE's transportation reimbursement obligation hinges on the language of the underlying administrative order. The parties dispute whether the plain language of the FOFD requires the DOE to fund transportation for all the contracted for days in the school year or only for days when H.W. used the transportation services. If the FOFD only obligates the DOE to reimburse transportation services actually used by H.W., then the plaintiff must submit attendance records that differentiate between in-person and remote attendance. The plaintiff has not done so.

Other courts have addressed the question of whether schools must supply in-person attendance records as a prerequisite to DOE reimbursement. In Donohue v. Banks, No. 22-cv-8998, 2023 WL 6386014, at *9-12 (S.D.N.Y. Sept. 30, 2023), a court in this District evaluated the transportation reimbursement language found in various FOFDs and divided the FOFDs into three categories: (1) those with orders requiring reimbursement pursuant to the transportation contract or reimbursement of any transportation costs; (2) those with language requiring transportation reimbursement only for school days attended or services "actually provided"; and (3) those with language unclear as to the scope of the DOE's reimbursement obligation for transportation services.

With regard to the first category of FOFDs, the court concluded that where the FOFD order required that the DOE fund transportation "in accordance with the contract" or where the order contained broad language requiring the DOE to fund "any transportation costs," the DOE was obligated to reimburse the plaintiffs for transportation regardless of the child's in-person attendance at school. Id. at *9–10; see also Abrams, 2022 WL 523455, at *4 (noting that "the only restriction in the . . . Orders that the Court can ascertain relate[s] to the length of travel time for the services" and concluding that the DOE was obligated to reimburse the plaintiff for the full transportation contract amount).

With regard to the second category of FOFDs, the court concluded that where the FOFD order required the DOE to pay for transportation services "actually provided" or for the child's "dates of attendance," the DOE was obligated only to reimburse the plaintiffs for transportation on days the child attended school in person. Id. at *10–11. Other courts have reached similar conclusions with respect to the "actually provided" language. See Davis, 2023 WL 5917659, at *4 (finding that where the FOFD used the "actually provided" language the plaintiffs were "entitled to reimbursement only for days that their children actually used transportation services and that the DOE is obligated to pay only if [the plaintiffs] provide adequate

documentation"); Araujo v. N.Y.C. Dep't of Educ., No. 20-cv-7032, 2023 WL 5097982, at *4-5 (S.D.N.Y. Aug. 9, 2023).[5]

Finally, the court evaluated FOFDs where the transportation cost language did not contain any clear statement of scope. For those FOFDs, the court concluded that the language was ambiguous and "remand[ed] for further clarification." Donohue, 2023 WL 6386014 at *12; see also Davis, 2023 WL 5917659, at * 5 (concluding that orders providing for transportation services "to and from iBRAIN" are "complicated" and that "both sides proffer plausible interpretations of the relevant language").

The plaintiff relies on Abrams, to argue that the FOFD language compels the DOE to pay for transportation services, regardless of whether those services were used. Abrams, 2022 WL 523455, at *4. However, other courts have distinguished Abrams on the ground that, in that case, the IHO ordered the defendant to pay for all the transportation expenses. Araujo, 2023 WL 5097982, at *4-5; Davis, 2023 WL 5917659, at *4. This FOFD contained no such language.

---

[5] Courts in this District have observed that plaintiffs need not provide "formal attendance records, if neither iBrain nor [the Transportation Company] indeed keeps such records." Araujo, 2023 WL 5097982, at *5; Davis, 2023 WL 5917659, at *4 n.5. "Affidavits from individuals who interacted with [the student] may suffice" to establish days on which the student attended school in person and actually used transportation services. Araujo, 2023 WL 5097982, at *5.

In this case, the language of the FOFD neither allows for a broad reading that would require the DOE to pay for "any transportation costs" or "in accordance with the contract", nor a narrow reading that requires reimbursement only for services "actually provided." The DOE claims that the FOFD requires proof of services "actually provided" (or "actually rendered" or "actually used"), see Defs.' Mem. of Law at 2, 6, 10–12, 14, 15; Defs.' Reply Mem. of Law at 1, 3–6, ECF No. 31, but the IHO never used those specific words. Instead, the FOFD contains language providing that the DOE reimburse the plaintiff "at a rate not to exceed $320 per trip" for the 2021–2022 school year or "$345 per trip" for the 2022–2023 school year. FOFD at 14–15 (emphasis added). The DOE argues plausibly that the "per trip" language indicates that the DOE only need reimburse the plaintiff for trips actually taken. However, as the plaintiff counters, "[t]ransportation is a yearly cost, not a per diem service." Pl.'s Reply Mem. of L. at 9. Therefore, the language could be read to require payment for the contractually agreed upon terms of the transportation contract which in turn is calculated based on a rate of $320 or $345 per trip.

Without the "actually provided" language, or broad language requiring reimbursement of "any transportation costs," "both sides proffer plausible interpretations of the relevant language." Davis, 2023 WL 5917659 at *5 (concluding that there

13

were two plausible interpretations of language requiring
transportation "to and from" school). Accordingly, the FOFD at
issue in this case falls into the third category identified by
the court in Donohue, consisting of "students with [o]rders
[u]nclear as to the [s]cope of the DOE's [r]eimbursement
[o]bligation for [t]ransportation [s]ervices." Donohue, 2023 WL
6386014, at *11.

Because the FOFD's language is ambiguous and requires
further clarification, this case should be remanded to the IHO
for further clarification. Id. at *12; see also Hidalgo v.
N.Y.C. Dep't of Educ., No. 20-cv-98, 2021 WL 2827037, at *5
(S.D.N.Y. July 7, 2021) ("Remand is appropriate to obtain the
necessary educational expertise of the IHO and the SRO").
Accordingly, the Court **denies without prejudice** both parties'
motions for summary judgment as they pertain to reimbursement
for transportation costs and **remands** to the IHO for
clarification of the scope of the FOFD as it pertains to
transportation.

**B.**

Zimmerman also contends that she submitted all the required
documentation for related services pursuant to the FOFD.
However, she failed to attach or cite to any admissible evidence
in connection with her motion for summary judgment. The
plaintiff's Local Civil Rule 56.1 Statement and Memorandum of

14

Law cite only to the Complaint and the FOFD. Neither of these documents support the plaintiff's allegation that she fully satisfied the FOFD's requirement that she submit invoices for related services. Although the plaintiff belatedly submitted supporting documentation in connection with the Reply Memorandum, see Bellantoni Decl., this does not satisfy the plaintiff's burden on a motion for summary judgment. This deficiency in the plaintiff's papers alone justifies denying the plaintiff's motion for summary judgment for payment of the related services.

Moreover, the FOFD's language regarding the scope of the DOE's obligation to pay for related services is unambiguous. The FOFD states that the DOE is required to pay iBrain "all costs and fees for [H.W.'s] related services at [iBrain] for the 2021–2022 school year in amount not to exceed $65,041.60" and $108,158.40 for the 2022–2023 school year "within 25 calendar days of the submission of copies of invoices for such services." FOFD at 14–15. Therefore, the plaintiff must submit invoices in order to be reimbursed.

In connection with the plaintiff's reply papers, the plaintiff provided documents setting out iBrain's supplemental tuition which amounts to $65,041.60 for the 2021–2022 school year, Bellantoni Decl., Ex. 4, and $108,158.40 for the 2022–2023 school year, id., Ex. 5. While the costs enumerated in these

15

exhibits match the language in the FOFD, the documentation submitted provides only the prospective cost of related services for the relevant years. They are not invoices for the services actually rendered or the amount actually paid.

Accordingly, the plaintiff's motion for summary judgment to require the DOE to pay for "related services" is **denied without prejudice** to the ability of the plaintiff to submit the required invoices to the DOE. To the extent there is any ambiguity in the documents to be provided to the DOE to justify reimbursement for the related services, the parties can raise the issue on remand to the IHO.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, those arguments are either moot or without merit. For the reasons explained above, the parties' cross-motions for summary judgment on the transportation issue are **denied without prejudice** and **remanded** to the IHO. The plaintiff's motion for summary judgment on the related services issue is **denied without prejudice** and the defendant's motion for summary judgment on that issue is **granted** to the extent that the plaintiff's requested relief is denied without prejudice. The Clerk is directed to enter Judgment

16

remanding this case to the IHO. The Clerk is also directed to
close this case and to close all pending motions.

**SO ORDERED.**
Dated:    New York, New York
          November 25, 2024

                                    _____
                                        John G. Koeltl
                                 United States District Judge